KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL,
FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Connie Ann Anderson

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| CONNIE ANN ANDERSON**,**<br><br>                  Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, National Association; and DOES 1 through 100 inclusive,<br><br>                  Defendants. | CASE NO. 3:20-cv-00738<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1.  Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff, Connie Ann Anderson ("Plaintiff" or "Anderson"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and the Oregon Unlawful Debt Collection Practices Act OR. REV. STAT. § 646.639 (hereinafter "UDCPA"), which prohibits harassing or annoying calls to consumers.

2.      Plaintiff brings this action against Defendant Wells Fargo Bank, National Association ("Defendant" or "Wells Fargo") for its abusive and outrageous conduct in connection

with debt collection activity.

3.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.    The TCPA was designed to prevent calls like the ones described herein, as well as protect the privacy of citizens like Plaintiff and, by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5.    The UDCPA is the state's version of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), and aims to protect consumers against unfair and harassing collection practices like the ones described herein. Unlike the FDCPA, the UDCPA applies to a creditor attempting to collect on its own debts.

## JURISDICTION & VENUE

6.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7.    This venue is proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8.    Plaintiff, Connie Ann Anderson, is an individual residing in the state of Oregon and is a "debtor."

9.    At all relevant times, Defendant Wells Fargo engaged via mail, email, and telephone, in the business of collecting a debt from Plaintiff; specifically, a "consumer debt."

10.    At all relevant times, Defendant acted as a "debt collector."

11.    Plaintiff had taken out her first unsecured loan with Wells Fargo in approximately January of 2018, and a second unsecured loan in approximately February of 2019.

12.    The loan Plaintiff took from Defendant Wells Fargo was extended primarily for personal, family, or household purposes and is therefore a "debt."

13.    Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes and was therefore a "consumer credit transaction."

14.    Because Plaintiff, a natural person, is allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed constitutes a "consumer debt."

15.    Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector."

16.    Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

17.    Plaintiff began making payments on the loan before she became financially unable to keep up with the monthly payments.

18.    Defendant began contacting Plaintiff in or about October of 2019 to inquire about the status of the loan and to collect on the payments that were no longer being made.

19.    Plaintiff retained counsel to assist in dealing with the Wells Fargo debt and to seek some type of financial relief.

20.    Counsel for Plaintiff sent a letter of revocation to Wells Fargo on or about October 30, 2019 (the "Letter of Revocation").

21.    Plaintiff believes her Letter of Revocation was received by Wells Fargo on November 4, 2019.

22.    Plaintiff informed Wells Fargo, through her Letter of Revocation, that she was

revoking her consent, if it was previously given, to be called on her telephone.

23.     Plaintiff was frustrated that Wells Fargo continued to make unsolicited calls to her cellular telephone after contacting Wells Fargo to revoke her consent.

24.     Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

25.     Defendant Wells Fargo continued to contact Plaintiff between approximately November 4, 2019 and November 10, 2019; the type of contact was through phone calls to Plaintiff on her cellular telephone.

26.     Despite notice being sent, Defendant continued to contact Plaintiff on her cellular telephone regarding collection of her outstanding debt.

27.     Wells Fargo ignored Plaintiff's letter of representation and continued to contact her for at least six (6) days following receipt of Plaintiff's letter.

28.     Despite being aware of Plaintiff's Letter of Revocation, Wells Fargo continued to contact Plaintiff on her cellular telephone.

29.     Wells Fargo's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

### FIRST CAUSE OF ACTION
**(Against Defendant and Does 1-100)**
**(Violation of the TCPA)**
**(47 U.S.C. § 227)**

30.     Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

31.     Since at least October of 2019, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the account(s) Plaintiff held with Defendant.

32.     Wells Fargo continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

33.     Defendant would contact Plaintiff frequently regarding payment on the account(s).

34.     Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

35.     Defendant contacted Plaintiff on at least eighteen (18) separate occasions after Plaintiff informed Defendant that she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

36.     All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1).

37.     These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A).

38.     These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

### SECOND CAUSE OF ACTION
**(Against Defendant and Does 1-100)**
**(Unlawful Collection Practices)**
**(ORS § 646.639)**

39.     Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

40.     Plaintiff, as "a natural person who purchases or acquires property, services or credit for personal, family or household purposes", is a "Consumer". OR. REV. STAT. § 646.639(1)(b).

41.     Plaintiff is a "Debtor" because Plaintiff is "a consumer who owes or allegedly owes a debt". OR. REV. STAT. § 646.639(1)(i).

42.     Plaintiff's initial transaction with Defendant in January of 2018, along with the

2c8e63c2b56fe3bf

second transaction in February of 2019, each constitute a "Consumer transaction" as Plaintiff is a Consumer and Defendant was providing "services or credit to consumers." OR. REV. STAT. § 646.639(1)(c).

43.    Defendant is a "Creditor" as Defendant, in the ordinary course of business, "engages in consumer transactions", by extending credit, "that result in a consumer owing a debt" to the Defendant. OR. REV. STAT. § 646.639(1)(e).

44.    Defendant is also a "Debt collector" as Defendant attempted to "collect a debt owed, or alleged to be owed, to a creditor or a debt buyer." OR. REV. STAT. § 646.639(1)(h).

45.    Defendant cannot assert a defense under OR. REV. STAT. § 646.643 as to the applicability of OR. REV. STAT. § 646.639 since Defendant is not subject to the requirements of the Fair Debt Collection Practices Act as it is the original creditor of the debt in question. *See* 15 U.S.C. 1692a(6)(F). Alternatively, if Defendant is deemed subject to 15 U.S.C. 1692 *et seq.*, Defendant is not in compliance with the same as the allegations cited above are in violation of both 15 U.S.C. 1692c(c) and 1692d(5).

46.    Defendant contacted Plaintiff on at least eighteen (18) separate occasions in only seven (7) days; frequently calling Plaintiff multiple times within the same hour time span.

47.    Each of the above cited calls were an attempt to collect a debt.

48.    Defendant's frequent calls to Plaintiff constitutes communication with a debtor "repeatedly or continuously" and "with the intent to harass or annoy the debtor" in direct violation of OR. REV. STAT. § 646.639(2)(e).

49.    Defendant's repeated calls to Plaintiff which were made after receipt of the Letter of Revocation show Defendant's actions were willful.

### ATTORNEYS' FEES

50.     On or about November 27, 2019, Plaintiff's counsel sent a demand letter to Wells Fargo seeking $10,000.00 as compensation for Defendant's statutory violations ("Demand Letter"). The Demand Letter was received by Defendant on December 2, 2019. On January 17, 2020, Defendant mailed a letter to Plaintiff's counsel acknowledging receipt of the Demand Letter. The Demand Letter was sent more than thirty (30) days before Plaintiff commenced this suit. Wells Fargo has not tendered $10,000.00, or a lesser amount, to Plaintiff. Accordingly, Plaintiff seeks to recover all of her attorneys' fees in connection with the preparation and trial of this cause under the authority of OR. REV. STAT. § 20.080, or as otherwise provided by law, and for further reasonable attorneys' fees in the event this case is appealed.

51.     Alternatively, as Defendant's willful collection attempts were made in violation of OR. REV. STAT. § 646.639(e), Plaintiff seeks to recover all of her attorneys' fees in connection with the preparation and trial of this cause under the authority of OR. REV. STAT. § 646.641(2).

### PRAYER FOR RELIEF

52.     WHEREFORE, Plaintiff prays for judgment as follows:

a.  An award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(C) for each and every violation;

b.  An award of statutory damages of $200.00, pursuant to OR. REV. STAT. § 646.641(1) for each and every violation.

c.  Pursuant to 47 U.S.C. § 227(b)(3)(A) and OR. REV. STAT. § 646.641(1), injunctive relief prohibiting such conduct in the future;

d.  Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial; and

e.  Pursuant to OR. REV. STAT. § 646.641(1) both actual damages and punitive damages in an amount to be proven at trial.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: May 5, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.


**PERRY, SHIELDS, CAMPBELL,
FLOYD, PLLC**

Dated: May 5, 2020                          */s/ Kyle Schumacher*
                                            Kyle Schumacher
                                            Attorneys for Plaintiff