IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CONNIE ANN ANDERSON**, | Case No. 3:20-cv-738-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **WELLS FARGO BANK, N.A. and DOES 1 through 100 inclusive**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on December 10, 2021. Judge You recommended that this Court grant Defendant Wells Fargo Bank's motion to dismiss Plaintiff's Telephone Consumer Protection Act (TCPA) claim and deny Defendant's motion to dismiss Plaintiff's Oregon Unlawful Debt Collection Practices Act (UDCPA) claim.

    Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Niether party objects to the dismissal of Plaintiff's TCPA claim. After review for clear error, the Court adopts that portion of the Findings and Recommendation.

Defendant objects to Judge You's conclusion that Plaintiff plausibly alleged Defendant's "intent to harass or annoy" under the UDCPA. Defendant argues that Plaintiff may not allege call volume alone to establish Defendant's intent. Defendant also argues that the UDCPA does not prohibit debt collectors from contacting represented debtors and that it stopped contacting Plaintiff six days after it allegedly received Plaintiff's counsel's letter revoking Plaintiff's consent to be contacted by phone. Plaintiff responds that she alleged facts about the pattern and timing of Defendant's calls, which goes beyond the total number of calls and therefore permits the plausible inference of Defendant's intent to harass or annoy. Additionally, Plaintiff argues

that the calls Defendant continued to make for six days after it allegedly received Plaintiff's letter of revocation indicates that Defendant called Plaintiff with the intent to harass or annoy.

The Court agrees with Plaintiff. Plaintiff alleges that Defendant called her at least 18 times within one week and sometimes called her three times per day and multiple times within a one-hour period. The timing and frequency of Defendant's calls coupled with the fact that Defendant continued to call Plaintiff after it allegedly received Plaintiff's revocation letter permits the plausible inference that Defendant called Plaintiff with the intent to harass or annoy Plaintiff. *See Douglas v. TD Bank USA, Nat'l Ass'n*, 2020 WL 6710567, at *4 (D. Or. Nov. 16, 2020) ("Frequent calls made within a short timeframe may be enough to show intent to harass or annoy, even under the FDCPA."); *see also Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1228 (E. D. Cal. 2010) ("Calling a debtor numerous times in the same day, or multiple times in a short period of time, can constitute harassment under the FDCPA."); *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) ("Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.").

The Court ADOPTS Judge You's Findings and Recommendation, ECF 34. The Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss, ECF 31.

**IT IS SO ORDERED.**

DATED this 28th day of February, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge